824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jill HASTINGS, Petitioner,
v.
SOCIAL SECURITY ADMINISTRATION, Respondent.
 Appeal No. 87-3073.
 United States Court of Appeals, Federal Circuit.
 June 30, 1987.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Arbitrator, John M. Felice, reinstating Jill Hastings (petitioner) to her former position, but denying backpay and benefits for the termination period, is affirmed.
 
 OPINION
 
 2
 An independent arbitrator reviews an agency decision under the same standard of review governing appeals to the Merit Systems Protection Board (MSPB). 5 U.S.C. Sec. 7121(e)(2).
 
 
 3
 Petitioner argues that the arbitrator in this case had no power to refashion the penalty, and that he abused his discretion by, in effect, mitigating the removal to a fifteen month suspension without pay or benefits. We disagree.
 
 
 4
 "[J]udicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board." 5 U.S.C. Sec. 7121(f). See Cornelius v. Nutt, 472 U.S. 648, 661, n. 16 (1985). The MSPB, and thus an arbitrator, has the authority to mitigate an agency imposed penalty when it is excessive with respect to the sustained charges, Hayes v. Department of the Navy, 727 F.2d 1535, 1540 (Fed.Cir.1984), and it is the role of this court to determine only whether the contested decision complies with the applicable statute and regulations, and whether it has a rational basis supported by the evidence from the record taken as a whole. Id. at 1537. See also AFGE Local 2718 v. Department of Justice, Immigration and Naturalization Service, 768 F.2d 348, 350 (Fed.Cir.1985) (arbitrator found that employee was as much responsible for the removal action as agency, and mitigated the removal to a suspension without backpay).
 
 
 5
 The arbitrator sustained the first of the two charges against petitioner, specifically finding that petitioner's primary motivation was an attempt to intimidate her supervisor and subject him to possible humiliation. Substantial evidence supports this conclusion.
 
 
 6
 We conclude that the arbitrator's decision was within the scope of his authority, was supported by substantial evidence, and was not an abuse of discretion.